Martin C. Dolan, OSB No. 872053
martin@dolanlawgroup.com
DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, Oregon, 97213
Telephone: (503) 227-2377
Fax: (503) 427-1900
Of Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ADAM ROSENSTEIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFICORP, a domestic business corporation,<br><br>Defendant. | Case No.:<br><br>COMPLAINT<br><br>Civil Rights Action - ORS 659A.199<br>Whistleblower Retaliation<br><br>JURY TRIAL DEMANDED |

**NATURE OF THE ACTION**

1.

Plaintiff brings this action to remedy violations of Plaintiff's rights under Oregon State employment law. Plaintiff seeks compensatory damages, equitable relief, attorney fees, and costs.

///

///

1 –    COMPLAINT

**PARTIES**

1

2                                                2.

3          Plaintiff Adam Rosenstein ("Plaintiff") is a citizen of the United States and a resident of

4    Fort Lauderdale, Broward County, Florida.

5                                                3.

6          Defendant Pacificorp ("Defendant") is an Oregon domestic business corporation with its

7    principal place of business is Portland, Oregon. Defendant conducts regular, sustained business

8    in Oregon, including Multnomah County, Oregon. At all relevant times, Defendant was

9    Plaintiff's employer and its employees and supervisors, as their conduct is alleged herein, were

10   acting within the course and scope of their employment with Defendant.

11

12                                 **JURISDICTION AND VENUE**

13                                               4.

14         This Court has jurisdiction over Plaintiff's state law claims set forth in this complaint

15   under 28 U.S.C. § 1332 pursuant to diversity jurisdiction. The sum or value of interests and costs

16   exceeds $75,000 and Plaintiff and Defendant are citizens of different States.

17                                               5.

18         This Court has personal jurisdiction over Defendant because Defendant's principal place

19   of business is in Multnomah County Oregon, and because it conducts regular, sustained business

20   activity in Multnomah County, Oregon and because the unlawful conduct alleged herein was

21   committed in the District of Oregon.

22                                               6.

23         Venue is prior in this Court pursuant to 28 U.S.C. § 1391(b) because the claims arise in

24   this Judicial District.

25

26

2 –     COMPLAINT

## GENERAL FACTUAL ALLEGATIONS

7.

Defendant is an electric power company in the Western United States. Defendant has two business units, Pacific Power and Rocky Mountain Power. Pacific Power is a regulated electric utility with service territory throughout Oregon, southeastern Washington, and northern California. Defendant is subject to Oregon's Public Utility Commission's ("PUC") rules and regulations, including its Distribution System Planning ("DSP") through docket UM-2005.

8.

Plaintiff was employed by Defendant from November 1, 2018, through July 15, 2021. At the time of his termination, Plaintiff held the position of a Senior Engineer in the Asset Management group.

9.

Plaintiff has a degree in mechanical engineering from Columbia University and has a total of twenty-two years of mechanical engineering experience. More specifically, Plaintiff has five years experience in developing solar power plants and nine years of experience in electrical utilities.

10.

At all relevant times, Plaintiff performed his job satisfactorily.

11.

On approximately May 10, 2021, Plaintiff was invited by fellow engineer Wyatt Peirce to participate in Defendant's group response to the PUC Docket UM-2005, which was claimed to be an investigation into DSP.

///

///

///

///

3 –    COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

12.

On approximately June 9, 2021, Plaintiff attended Defendant's DSP Partners Monthly Workshop meeting. During the meeting, a representative of Northwest Energy Coalition gave a presentation regarding racial inequities. Political topics are not allowed to be discussed per Defendant's Code of Business Conduct. As a result, Plaintiff was concerned that work time was dedicated to a prohibited topic, that a political topic was being discussed in potential violation of the PUC's DSP, and he was also perplexed as to why a special interest political group would be given permission to give such a presentation.

13.

Plaintiff was curious who Northwest Energy Coalition was and, as a result, did some research into the organization. Plaintiff was shocked to find out it was funded by a non-profit group called the Sea Change Foundation, which was exposed for being a front group for foreign interest. Other investigations into the Foundation showed connections with China and Russia in an apparent attempt to weaken American energy independence through carbon fuels and promote use of solar PV panels and batteries, which were ultimately made in China.

14.

Immediately, Plaintiff sent an email to DSP Project Lead and Manager, Heidi Caswell to let her know about what he discovered.

15.

On approximately June 10, 2021, Ms. Caswell replied to Plaintiff's email that some stakeholders wanted to make those meetings "fully political." This comment made Plaintiff even more concerned that Defendant and its employees or agents were violating the PUC's rules and regulations.

///

///

///

4 –    COMPLAINT

16.

That same day, Plaintiff also emailed one of Defendant's Human Resources representatives, Kade King, regarding his concerns. Plaintiff specifically referenced the DSP monthly workshop meeting, noting that it covered a political topic, and the presentation was given by a special interest political group. Further, Plaintiff also listed a recent unconscious bias training he attended, which also was political in nature. Mr. King never responded to Plaintiff's concerns about these meetings.

17.

Plaintiff was increasingly concerned and anxious about the unanswered issues he raised to Defendant and its representatives which aggravated his known anxiety and insomnia conditions. As a result, on approximately June 14, 2021, Plaintiff called Defendant's ethics hotline as instructed by Defendant's Code of Business Conduct and spoke with an ethics hotline representative. Plaintiff told the representative that he believed Defendant was acting fraudulently and violating ethics laws and PUC rules and regulations. Plaintiff also noted that there was a conflict of interest with the Northwest Energy Coalition participating in the Docket UM-2005 process, including but not limited to the fact that one of the commissioners in the PUC was a former employee. The representative informed Plaintiff they would get back to him, but Plaintiff received no follow up or further communication.

///
///
///
///
///
///
///
///

5 –    COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

18.

Plaintiff emailed Ms. Caswell on approximately June 17, 2021, to inform her of his additional concerns regarding Defendant's lack of due diligence in hiring Rocky Mountain Institute ("RMI"), an organization that was tasked to locate local community groups to participate in the DSP process. Plaintiff specifically noted that there was no open bid process, or any attempt made to vet RMI prior to their hiring. It was also perplexing to Plaintiff that RMI did not have an office in Oregon, but did have an office in China and was another institution closely associated with the World Economic Forum. Later that same day, Plaintiff called his manager, Amy McCluskey regarding these concerns and they set up a video call for June 24, 2021 to discuss further.

19.

On approximately June 17, 2021, Plaintiff called Corey Scott, Director of Regulatory Affairs for Pacific Power. Plaintiff also reported to Mr. Scott that he believed Defendant had committed fraud and violated ethics laws and PUC's rules and regulations. Mr. Scott did not directly respond to Plaintiff's concerns. However, Mr. Scott mentioned that Defendant worked with the Northwest Energy Coalition and that only the "right" groups were allowed to participate.

20.

On approximately June 18, 2021, Plaintiff edited the DSP vision statement, emphasizing the need for ethics and an apolitical approach. Mr. Scott reviewed Plaintiff's edits and replied to his email by stating those sentiments were not how they wanted to communicate to Defendant's customers. Ms. Caswell then responded to both emails and said that she was disturbed by the dynamics and by Cory Scott's response.

///

///

///

6 –    COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

21.

On approximately June 23, 2021, Plaintiff called Defendant's ethics hotline again due to his increasing concerns and the latest communications he had received from Defendant and its representatives.

22.

On approximately June 24, 2021, Plaintiff attended a video call with Ms. McCluskey where they discussed Plaintiff's concerns regarding Defendant's unethical, fraudulent, and violative actions. During that call, Plaintiff described his concerns regarding the DSP project and its conflicts of interest, the lack of debate of costs or technology, that the order seemed to be rigged for approval regardless of what comments the PUC received, and the lack of due diligence. Plaintiff also expressed concern that when he brought up these issues in the past, he was told by others to get on board or shut up. Plaintiff told Ms. McCluskey that he feared that when Defendant would eventually be accused of fraud, that the company would place blame on Plaintiff and others involved in the project. Plaintiff asked Ms. McCluskey if he could speak with one of Defendant's attorneys to seek indemnification and she told him she would follow back up about that possibility.

23.

During that same conversation, Plaintiff and Ms. McCluskey also spoke about solar energy availability in Portland and how it is lower than in the south, but subsidies for installation appeared to be indiscriminate. Plaintiff noted that there were applications called "PVWatts" from the National Renewable Energy Lab that determine the most cost-effective locations to install solar in Oregon.

///
///
///
///

7 –    COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

24.

Ms. McCluskey was generally sympathetic to Plaintiff's concerns but told him there was very little that he or she could do about any of them. Plaintiff asked to be removed from the DSP group, but Ms. McCluskey said that was not possible. Ms. McCluskey's only suggestion was that Plaintiff speak with the individual who gave the unconscious bias presentation to see if they could answer Plaintiff's questions.

25.

On approximately July 14, 2021, Plaintiff was on a video conference call and asked about a recent presentation, specifically he questioned what it had to do with the DSP project. Plaintiff was told by three of Defendant's employees to not ask questions. Later that same day, Plaintiff received a call from Mr. Scott telling him to "shut down" his questions. Plaintiff told Mr. Scott that he was acting unethically, his actions constituted harassment, and he was attempting to bully him to stop asking questions about why racial discrimination was being used a pretext to further the large fraud scheme Defendant was participating in. After this call, Plaintiff emailed Ms. McCluskey regarding Mr. Scott's concerning behavior and set up a call with Ms. Caswell for the next day.

///
///
///
///
///
///
///
///
///
///

8 –    COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

1       26.

2       On approximately July 15, 2021, Ms. McCluskey set up a meeting with Ms. Caswell to

3   discuss Plaintiff's interaction with Mr. Scott. When Plaintiff joined the video conference call,

4   Katie Aldassy, one of Defendant's Human Resources representatives, was also present. Ms.

5   Aldassy began the meeting by threatening Plaintiff that he would be held liable under

6   Defendant's Code of Business Conduct for his actions. The meeting continued and Plaintiff

7   discussed his formal complaints regarding Defendant's actions, including the conflicts of

8   interest, fraud, and bullying that Plaintiff had witnessed or been subjected to. Ms. Aldassy

9   implied that she and Defendant were ignoring Plaintiff's complaints and, instead, had found

10  Plaintiff at fault for bringing the issues to light. Ms. Aldassy told Plaintiff to stay in his lane

11  regarding the DSP project and instructed him not to ask questions. Ms. Aldassy also informed

12  Plaintiff that he should not have filed an ethics complaint.

13      27.

14      Plaintiff became increasingly frustrated during this meeting. Plaintiff asked Ms. Aldassy

15  if she was going to investigate his complaints against Defendant and its representatives. Ms.

16  Aldassy responded that Plaintiff did not deserve to know. Plaintiff encouraged Ms. Aldassy to

17  investigate with due diligence regarding all his complaints. At this point in the meeting, it was

18  clear to Plaintiff that this meeting was not a conversation to resolve his concerns, but to retaliate

19  against him for making complaints.

20      28.

21      At the end of the video conference, Ms. Aldassy informed Plaintiff that he would be

22  suspended for two weeks without pay because of his "disobedience." She further explained that

23  Plaintiff's internet access to Defendant's internal network would be immediately stopped to

24  prevent him from accessing any company data, including his email.

25  ///

26  ///

9 –   COMPLAINT

29.

Plaintiff objected to the PUC's DSP process from approximately June 2021 until his termination based on the following reasons: (1) Defendant unlawfully only allowed certain groups to participate in drafting of Docket UM 2005, (2) Defendant worked with the NW energy coalition, which is funded by the Sea Change Foundation, a possible front group for foreign influence of energy and politics and working with the NW energy coalition is unlawful and raises conflicts of interest, (3) Defendant refused to explain biased, discriminatory, misleading and contradictory statements they and their partners made (4) Defendant refused to substantiate their own statements with evidence or actual data and (5) Defendant rigged docket UM 2005 to advance a corrupt political agenda that financially benefitted certain entities in violation of laws. Defendant's actions, therefore, were failures to make true entries in the business records in violation of its known duty to do so.

30.

On approximately August 2, 2021, Plaintiff filed a second ethics complaint against Defendant noting that there was no investigation into his prior complaint, that he was retaliated against for complaining of fraud and conflicts of interest, that his complaint should be escalated to the Chairmen of the Company Audit Committee, among other things. Defendant's only response was to state they did nothing wrong and did not contact Plaintiff further for any additional information or investigation.

31.

It was later revealed through an Oregon Bureau of Labor and Industries ("BOLI") investigation that Defendant, through their partner the Coalition of Communities of Color, called Plaintiff a "white supremacist" without Plaintiff's knowledge. This slanderous libel was used by Mr. King to claim that participants "felt unsafe" as a justification to deny Plaintiff unemployment benefits.

///

///

10 –    COMPLAINT

32.

Plaintiff felt he had no other choice but to resign because of the unfair and unlawful treatment he received from Defendant and its employees.

**FIRST CLAIM FOR RELIEF**
**(ORS 659A.199 – Retaliation Against Whistleblower)**

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32.

34.

Pursuant to ORS 659A.199, it is unlawful employment practice for an employer to retaliate against an employee because the employee has in good faith reported information that the employee believes is evidence of a violation of federal or state law, rule or regulation.

35.

Plaintiff reported in good faith what he believed was evidence of violations of state and federal laws, rules or regulations to Defendant, including the following:

36.

That he believed Defendant purposefully influenced the action of the State Treasury by making a knowing false statement or report in violation of ORS 162.117. Plaintiff reported this to Mr. King and the Ethics Hotline on approximately June 14, 2021, to Ms. Caswell on approximately June 16, 2021, and to Ms. McCluskey on approximately June 17, 2021;

37.

That Defendant engaged in deceptive practices related to goods or services in violation of ORS 646.815, Oregon's Unlawful Trade Practices Act. Plaintiff reported this to Ms. Caswell on approximately June 16, 2021, and to the DSP group on approximately June 17, 2021;

11 –    COMPLAINT

38.

That with intent to defraud, Defendant created or confirmed another's false impression of law, value, intention or other state of mind that another actor does not believe to be true or failed to correct a false impression that was previously created or confirmed in violation of ORS 164.085. Plaintiff reported this to Ms. Caswell on approximately June 16, 2021, to the DSP group on approximately June 18, 2021, to Mr. Scott on approximately June 24, 2021, and to Ms. McCluskey on approximately July 14, 2021;

39.

That Defendant engaged in prohibited conduct for purposes of instrumentalities of crime in violation of ORS 131.602. Plaintiff reported this to Ms. Caswell on approximately June 16, 2021, and to the DSP group on approximately June 17, 2021;

40.

That Defendant engaged in unlawful racketeering activities in violation of ORS 166.720. Plaintiff reported this to Ms. Caswell on approximately June 16, 2021, to the DSP group on approximately June 17, 2021, and approximately June 18, 2021;

41.

That Defendant or its agents or representatives aided and abetted certain discrimination in violation of ORS 659A.406. Plaintiff reported this to Mr. King on approximately June 14, 2021, and to Ms. McCluskey on approximately July 14, 2021;

42.

That Defendant entered into an agreement that prevented employees from discussing certain unlawful conduct in violation of ORS 659A.370. Plaintiff reported this to Mr. King on approximately June 14, 2021, and to Ms. McCluskey on approximately July 14, 2021;

12 –    COMPLAINT

43.

That Defendant facilitated the solicitation of public employees in violation of ORS 260.432. Plaintiff reported this to Mr. King on approximately June 14, 2021, and to Ms. McCluskey on approximately July 14, 2021;

44.

That Defendant discriminated in a place of public accommodation in violation of ORS 659A.403. Plaintiff reported this to Mr. King on approximately June 14, 2021, and to Ms. McCluskey on approximately July 14, 2021;

45.

That Defendant engaged in discrimination in that it violated the Civil Rights Act of 1964, Title VI, 42 U.S.C. § 2000d et seq. Plaintiff reported this to Mr. King on approximately June 14, 2021, and to Ms. McCluskey on approximately July 14, 2021;

46.

That Defendant made claims in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733. On June 23, 2021, Plaintiff reported these concerns to Heidi Caswell, Teri Ikeda and Melissa Nottingham;

47.

That Defendant engaged in corrupt practices in violation of the Foreign Corrupt Practices Act of 1977, 15 U.S.C. §§ 78dd-1 et seq. Plaintiff reported this to Ms. Caswell on approximately June 16, 2021, to the DSP group and Ms. McCluskey on approximately June 17, 2021, to Ms. McCluskey again on approximately June 18, 2021, to Mr. Scott on approximately June 24, 2021, and to Ms. McCluskey on approximately July 14, 2021;

///

13 –    COMPLAINT

48.

That Defendant violated the Criminal Antitrust Anti-Retaliation Act, 15 U.S.C. § 7. Plaintiff reported this to Ms. Caswell on approximately June 16, 2021, to the DSP group and Ms. McCluskey on approximately June 17, 2021, to Ms. McCluskey again on approximately June 18, 2021, to Mr. Scott on approximately June 24, 2021, and to Ms. McCluskey on approximately July 14, 2021;

49.

That Defendant engaged in corrupt practices in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 96. Plaintiff reported this to Ms.Caswell on June 16 2021, to the DSP group on June 23 2021, and to the Ethics Hotline on approximately June 14, 2021 and August 11, 2021;

50.

That Defendant committed common law fraud by intentionally misrepresenting a material existing fact with knowledge of its falsity.

51.

By making such reports, Plaintiff engaged in a protected activity.

52.

Plaintiff's reports were a substantial factor in Defendant's decision to take adverse employment actions against Plaintiff, including a two-week suspension and, ultimately, Plaintiff's constructive discharge.

///

///

///

14 –   COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

53.

As a result of Defendant's unlawful actions, Plaintiff suffered and will continue to suffer economic damages in the form of lost wages, including back pay, front pay in lieu of reinstatement, and is entitled to recover such lost wages in an amount to be determined at trial.

54.

As a result of Defendant's unlawful actions, Plaintiff experienced non-economic damages. Plaintiff is entitled to recover non-economic damages in an amount to be determined at trial, but which is alleged to be not more than $2,000,000.

55.

Plaintiff is entitled to his costs, disbursements, pre- and post-judgment interest in the amount of 9% per annum, and reasonable attorney fees incurred herein pursuant to ORS 659A.885 and ORS 82.010.

## **JURY DEMAND**

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised in this Complaint.

WHEREFORE, Plaintiff prays for the relief as set forth in this Complaint, together with such other relief that the Court finds just and equitable.

///

///

///

///

///

///

///

15 –    COMPLAINT

1    DATED this 27ᵗʰ day of January, 2023.

2

3                                    DOLAN LAW GROUP PC

4                         By:    */s/ Martin Dolan*
                                 Martin Dolan, OSB No. 0872053

5                                Of Attorneys for Plaintiff
                                 Dolan Law Group PC

6                                4300 NE Fremont St., Ste. 250

7                                Portland, Oregon 97213
                                 Telephone: 503-227-2377

8                                Fax: 503-427-1900
                                 Email: martin@dolanlawgroup.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

16 –    COMPLAINT