IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADAM ROSENSTEIN, an individual,

      Plaintiff,

      v.

PACIFICORP, a domestic business corporation,

      Defendant.

_____

No. 3:23-cv-136-MC

OPINION & ORDER

MCSHANE, Judge:

Following the jury verdict in its favor, Defendant seeks costs of $44,844.99 and brings two motions for fees. ECF Nos. 175, 177& 179.

Defendant first moves for fees of $83,945.70 and costs of $3,321.45 incurred on account of egregious discovery violations related to Plaintiff's claim for economic damages. ECF No. 175. The parties are familiar with the history of this case and the Court will not review those facts again here. Greater detail can be found in Defendant's briefs at ECF Nos. 125 and 155, along with the accompanying declarations. Additionally, the Court made findings at the January 14, 2026, pretrial conference that Defendant is entitled to attorney fees for Plaintiff's willful failure to comply with discovery obligations. For example, the Court noted that "Plaintiff has failed remarkably to provide basic economic damage discovery in a timely manner with no justification for the delay throughout the litigation." Tr. 5. Remarkably, Plaintiff failed to provide to Defendant the very documents Plaintiff's own expert relied on to arrive at Plaintiff's purported economic damages.

1 OPINION AND ORDER

Coincidentally, Plaintiff also withheld highly relevant documents to that same expert until the month of trial.

For many months, Plaintiff ignored a dozen of Defendant's discovery requests on this issue. Eventually, Defendant was forced to depose Plaintiff's expert on the eve of trial. At that time, the expert noted that he was previously unaware that documents in Plaintiff's possession demonstrated that Plaintiff had fully mitigated any economic damages by the start of 2023. Despite Plaintiff's claim for $1,600,000 in economic damages, his expert concluded, mere weeks before trial, that Plaintiff suffered, at most, $346,000 in economic damages. Again, the Court will not belabor Plaintiff's conduct here, but notes that it made more detailed findings, including the finding that Plaintiff's conduct was willful and a sign of bad faith, at the pretrial conference. On this issue, the Court found Defendant's January 12, 2026, Reply brief (ECF No. 155) particularly instructive.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). Ordinarily, the court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Prevailing market rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's

2 OPINION AND ORDER

counsel of record. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). Accordingly, this District uses the

Oregon State Bar 2022 Economic Survey as the initial benchmark when reviewing fee petitions.[1]

Defendant seeks:

N. Haslitt 29.4 hours at $594/hour = $17,463.60
E. Burris 18.8 hours at $486/hour = $9,136.80
E. Vasquez 91.3 hours at $409.50/hour = $37,387.35
J. Akers 4.5 hours at $409.50/hour = $1,842.75
S. Hunger 59.2 hours at $306/hour = $18,115.20

ECF No. 175, 7.

Compared with the Oregon State Bar's 2022 Economic Survey, the above hourly rates are

reasonable given the experience of the attorneys and paralegal. Additionally, the Court has

examined the specific hours sought—in 20 pages of billing entries[2]—in exhibit A to the Haslitt

Declaration. ECF No. 176. The vast majority of hours spent were incurred in late 2025 and January

2026, literally on the eve of trial. The Court finds all of the hours sought to be reasonable given

the fact that Plaintiff willfully kept Defendant essentially in the dark on the issue of economic

damages. Additionally, Plaintiff sought a significant amount of economic damages. Plaintiff's

choice to not turn over obviously disclosable documents in his possession for many months forced

Defendant to essentially turn over every rock, including seeking documents directly from

Plaintiff's own expert. Defendant's investigation was a success. As noted, Plaintiff's own expert

was forced to dramatically cut Plaintiff's economic damages by $1,300,000. Again, Plaintiff could

have avoided this issue by simply complying with Defendant's repeated requests for discovery.

Plaintiff makes the odd argument that Defendant should not recover fees related to the last-

minute deposition of Plaintiff's expert in January 2026. This argument ignores the fact that

Defendant was only forced to depose Plaintiff's expert after twelve discovery requests to Plaintiff

---

[1] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.
[2] The Court disagrees with Plaintiff's argument that "Defendant's time entries . . . are not segregated, are not causally linked, and are therefore not recoverable." ECF No. 185, 5. The Court finds the billing entries quite detailed; certainly detailed enough for the Court to discern that they all appear to be reasonably incurred because of Plaintiff's egregious discovery failures with respect to alleged economic damages.

3 OPINION AND ORDER

over the past eight months went ignored. And Defendant knew, based on that report, that Plaintiff's expert had discovery that Plaintiff failed to disclose to Defendant.

Plaintiff also argues that $87,000 is disproportionate to any discovery delay and "functions punitively against Plaintiff." ECF No. 185, 6. The Court disagrees. Plaintiff could have avoided forcing Defendant from chasing down documentation related to the alleged economic damages. By choosing to withhold disclosure, despite repeated requests, Plaintiff invited Defendant to spend many hours to defend a largely baseless claim of over $1,500,000 in economic damages. 203 hours spent, especially given the results obtained, is reasonable given the economic stakes involved. For the same reason, costs of $3,321.45 related to the January 2026 expert deposition are reasonable. Again, the deposition revealed that approximately 80% of Plaintiff's alleged economic damages were not supported by the record and, in fact, were precluded as a matter of law.

Defendant's motion for fees and costs resulting from Plaintiff's failures in discovery, ECF No. 175, is GRANTED. Defendant is awarded $83,945.70 in fees and $3,321.45 in costs.

Defendant also moves for $53,441.65 in fees incurred responding to Plaintiff's False Claims Act claim of whistleblowing retaliation. Defendant's lone argument for these fees is that Plaintiff's FCA claim was frivolous. Although the Court believes that even the claims that survived to trial were exceedingly weak, the FCA claim was not frivolous. When granting summary judgment on that claim, Judge Hernandez did not find the claim frivolous. And Judge Hernandez explicitly noted that although Plaintiff perhaps believed, in good faith, that "some level of fraud was being committed," the problem for Plaintiff is that his subjective beliefs on this issue were not reasonable. Jan. 3, 2025 Op., ECF No. 69, 14–15. That does not automatically render Plaintiff's FCA claim frivolous. Again, although this is a rather close question, the Court does not find Plaintiff's FCA claim was frivolous. Defendant's motion for fees, ECF No. 179, is DENIED.

Finally, Defendant moves for costs of $44,844.99. ECF No. 177. Costs are generally allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Costs include court fees, fees for transcripts necessarily obtained for use in the case, witness fees, copies made for use in the case,

4 OPINION AND ORDER

and docket fees. 28 U.S.C. § 1920. Most of the requested costs here are recoverable by the prevailing party. Defendant filed the affidavit required under 28 U.S.C. § 1924 verifying the bill of costs. Vasquez Decl. ECF No. 178. With the exception of the Relativity database fees of $12,390, and $2,742.36 for trial binders, the Court finds Defendant's costs are reasonable and necessary for use in the case. While the Court is sympathetic to the fact that this trial was delayed on two occasions by Plaintiff's former attorney, federal trials are often continued. More importantly, the Court does not view the database fees sought here as being authorized under 28 U.S.C. § 1920. *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 914, 930 (9th Cir. 2015). Additionally, the Court does not view the invoice for trial binders from a third-party vendor as "costs" under 28 U.S.C. § 1920. Defendant is awarded $29,712.63 in costs.

IT IS SO ORDERED.

DATED this 19th day of May 2026.

s/Michael J. McShane
Michael J. McShane
United States District Court

5 OPINION AND ORDER